■ In the Matter of SHERON F., a Person Alleged to be a Juvenile Delinquent, Appellant. [651 NYS2d 322] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated May 26, 1994, which, upon a fact-finding order of the same court, dated March 25, 1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree, and resisting arrest, adjudged him to be a juvenile delinquent and placed him on probation for a period of one year. The appeal brings up for review the fact-finding order dated March 25, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court's findings of fact were against the weight of the evidence because the police officer's testimony was incredible and the appellant offered a strong alibi. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by

the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the court's findings of fact were not against the weight of the evidence *(cf.,* CPL 470.15 [5]). Rosenblatt, J. P., Sullivan, Copertino and Joy, JJ., concur.